UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TANNER R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5389-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1990, received a certificate of completion in lieu of a high school diploma, and has worked as a grocery store bagger, restaurant dishwasher, and RV washer. AR 40, 219, 230, 363. Plaintiff was last gainfully employed in April 2018. AR 230.

In May 2020, Plaintiff applied for benefits, with an amended alleged onset date of May 13, 2020. AR 38, 174-203. Plaintiff's application was denied initially and on reconsideration,

and Plaintiff requested a hearing. AR 88-96, 100-07. After the ALJ conducted a hearing in March 2021 (AR 31-55), the ALJ issued a decision finding Plaintiff not disabled. AR 15-26.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**: Plaintiff has the following severe impairments: major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, and neurodevelopmental disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels, but is limited to performing simple, routine, repetitive tasks with 1-3 steps, few changes, no production-pace requirements, and a reasoning level of 1 or 2.

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-26.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing certain medical opinions, and in discounting the testimony of Plaintiff and a lay witness.[3] The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Did Not Err in Assessing the Medical Opinion Evidence

Plaintiff contends that the ALJ erred in assessing the State agency opinions. Dkt. 12 at 2. The Court will address each of Plaintiff's arguments in turn.

---

[3] Plaintiff's opening brief does not entirely comply with the briefing requirements in the Court's scheduling order. *See* Dkt. 9. Plaintiff's assignments of error are not listed on the first page of the opening brief, and that brief appears to be overlength. *See* Dkt. 12. In the future, counsel shall take care to review and comply with the briefing requirements in this district.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

*1.     Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*2.     State Agency Opinions*

The only medical opinions in the slim record were authored by the State agency consultants. *See* AR 57-66, 68-79. The consultants opined that Plaintiff could perform tasks with 1-3 steps, "but will need training to become efficient." AR 63, 76. The consultants went on to find that Plaintiff could maintain adequate concentration, persistence, and pace to complete a workday but "would need to utilize a timer to maintain adequate break periods and to get to work on time." *Id*. The consultants also noted that Plaintiff could not consistently set independent goals, but could follow employer-set goals, and that he would have "difficulties with fast paced or frequent changes in the work setting, but would retain the ability to cope with the minimal changes in an otherwise predictable and familiar work setting." AR 64, 77.

The ALJ found the State agency opinions to be well supported and broadly consistent with the record and therefore generally persuasive, but with some exceptions. AR 23. Specifically, the ALJ found that the consultants had failed to describe Plaintiff's "difficulties" with fast-paced work with any specificity, and thus this part of the opinions was unpersuasive. *Id*. The ALJ also found unpersuasive the consultants' indication that Plaintiff required a timer to keep to a work schedule because this opinion is inconsistent with the many findings as to Plaintiff's normal judgment and insight, intact thought processes, and linear and goal-directed

thought content. *Id*. The ALJ also found that to the extent that the consultants' reference to Plaintiff's need for training suggested that he required accommodation beyond a restriction to simple, routine, repetitive tasks of 1-3 steps, this suggestion is unpersuasive because it is inconsistent with Plaintiff's normal memory tests. *Id*. The ALJ indicated that she accommodated Plaintiff's goal-setting deficits by limiting Plaintiff to simple work with few changes, and that if the consultants intended to require any other RFC limitations beyond those limitations, such limitations would be inconsistent with the examination findings showing normal judgment and insight. AR 23-24.

Plaintiff contends that the ALJ erred in cherry-picking the parts of the State agency opinions that align with the RFC assessment and finding those parts persuasive, rather than assessing the persuasiveness of the opinions as a whole. Dkt. 12 at 7. Plaintiff cites no authority requiring that an ALJ must find a medical opinion wholly persuasive or unpersuasive, however, and the Court is not aware of any such authority.

Plaintiff goes on to challenge the ALJ's finding that the State agency consultants failed to adequately define Plaintiff's "difficulties" with fast-paced work, contending that the consultants explained that Plaintiff's difficulties stem from his adaptation deficits. Dkt. 12 at 7-8. That may be true, but Plaintiff misses the ALJ's point: the consultants did not explain what degree of difficulty Plaintiff would have with fast-paced work. Would it be challenging for him to adapt to fast-paced work, but he could nonetheless complete it? Or would it be so difficult that he could not perform any fast-paced work at all? An unspecified degree of "difficulty" with fast-paced work is not a concrete restriction that can be included in an RFC assessment, and the ALJ did not err in finding this portion of the opinion inadequately explained. *See, e.g.*, *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of

Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC.").

Next, Plaintiff contends that the ALJ erred in assessing the State agency consultants' opinion that Plaintiff could learn to perform tasks with 1-3 steps, but would require training to become efficient. Dkt. 12 at 8-9. This part of the State agency opinions could mean that Plaintiff would require training to be able to perform 1-3-step tasks, or that he would require training to be able to perform more complex tasks, and thus the consultants' meaning is not entirely clear. The consultants also failed to clarify whether standard on-the-job training would suffice, or whether Plaintiff would require additional training as an accommodation. *See, e.g.*, Dictionary of Occupational Titles (DOT), App'x C, *available at* 1991 WL 688702 (Jan. 1, 2016) (explaining the different degrees of training required ("specific vocational preparation") in jobs defined in the DOT). The ALJ reasonably found that, to the extent that the State agency consultants suggested that Plaintiff's understanding and memory limitations could not be accounted for by a restriction to simple, routine, repetitive tasks of 1-3 steps, this suggestion is inconsistent with the many objective findings of Plaintiff's normal, intact memory. AR 23. Plaintiff contends that the ALJ's consistency finding is not well-explained and does not address all potential meanings of the State agency opinions (Dkt. 12 at 9), but the Court finds that the ALJ's interpretation of this part of the opinion is a reasonable reading, given that the consultants opined that Plaintiff could perform simple 1-3-step tasks, and Plaintiff's normal memory testing is reasonably inconsistent with further restrictions as to memory and understanding. Because Plaintiff has not shown that the ALJ's interpretation is unreasonable, he has failed to establish harmful legal error in this portion of the ALJ's decision. *See Morgan v. Comm'r of Soc. Sec.*

*Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Plaintiff goes on to contend that the ALJ erred in finding that the consultants' opinion that Plaintiff would require a timer is inconsistent with evidence showing Plaintiff's normal judgment and insight, and linear, goal-directed thought processes. According to Plaintiff, the ALJ's finding fails to address either supportability or consistency of that part of the opinion (Dkt. 12 at 9-10), but the ALJ here explicitly found the opinion not *consistent* with the normal mental status examinations. AR 23. This constitutes a consistency finding, in compliance with the regulations. Furthermore, the Court finds that the normal findings cited by the ALJ are reasonably inconsistent with the need to use a timer in order to get to work on time or return from a break. Adhering to a schedule requires some degree of judgment and goal-directed thinking, and it is reasonable to find that Plaintiff's normal findings as to judgment and goal-directed thought processes undermined the State agency consultants' suggestion that Plaintiff could not maintain a work schedule without a timer. Thus, the ALJ's findings in this regard are not erroneous.

Lastly, Plaintiff argues (Dkt. 12 at 10) that the ALJ erred in failing to account for the State agency consultants' opinion that Plaintiff could only concentrate and persist for two hours at a time. *See* AR 63, 76. Plaintiff is mistaken: a normal workday is structured to provide a break every two hours, and therefore this part of the State agency opinions does not describe a vocational limitation. *See* Social Security Ruling (SSR) 96-9p, 1996 WL 374185, at *6 (describing an eight-hour workday as having "a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals"). The ALJ's RFC assessment does not conflict with

this portion of the State agency opinions, and thus the ALJ did not err in failing to accommodate it.

Because the ALJ reasonably explained why she found that some portions of the State agency consultants' opinions were either inadequately explained or were inconsistent with normal findings in the record, the ALJ properly assessed the supportability and consistency of the State agency opinions. Plaintiff has not met his burden to show harmful legal error in this portion of the ALJ's decision.

**B.  The ALJ Did Not Harmfully Err in Assessing Plaintiff's Testimony**

The ALJ summarized Plaintiff's allegations and explained that she discounted them because: (1) the objective evidence does not corroborate Plaintiff's allegations; (2) Plaintiff's symptoms are effectively managed with treatment and other strategies (exercise, decreasing social media, meditation, mindfulness, keeping busy with yard work); and (3) Plaintiff's activities are inconsistent with disabling concentration or social limitations. AR 19-23. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends that the ALJ erred in contrasting his normal objective test results with his allegations because "performance during an examination or counseling session does not always translate to everyday activities." Dkt. 12 at 16. That may be true, but the ALJ is nonetheless tasked with reviewing the available records to determine whether Plaintiff's allegations are consistent with the evidence. *See* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017) ("In determining whether an individual is disabled, we consider all of the individual's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record."). The ALJ reasonably

1  found an inconsistency between Plaintiff's alleged cognitive difficulties and his normal cognitive

2  testing, and did not err in relying on this inconsistency as a reason to discount Plaintiff's

3  allegations. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("[W]hen objective

4  medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ

5  may indeed weigh it as undercutting such testimony.").

6      Furthermore, although Plaintiff directs the Court's attention to his everyday activities, the

7  ALJ found that Plaintiff's everyday activities also undermine his allegations.  Specifically, the

8  ALJ noted that Plaintiff retained sufficient concentration abilities to play video games all day

9  long, prepare simple meals, shop for groceries independently, drive, and engage in his

10 metalworking hobbies.  AR 22.  These activities are reasonably inconsistent with Plaintiff's

11 allegation of disabling concentration limitations.  *See, e.g.*, *Ahearn v. Saul*, 988 F.3d 1111, 1117

12 (9th Cir. 2021) (affirming an ALJ's finding that plaintiff's activities, including playing video

13 games for sustained periods, shopping in stores at stores, and preparing meals, undermined his

14 allegations of disabling concentration and pace limitations).  The ALJ did not err in discounting

15 Plaintiff's allegations on this basis.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007)

16 (activities may undermine credibility where they (1) contradict the claimant's testimony or (2)

17 "meet the threshold for transferable work skills").

18     Even if, as Plaintiff argues (Dkt. 12 at 18-19), the ALJ erred in assessing the efficacy of

19 Plaintiff's treatment and coping strategies, or in finding Plaintiff's allegations undermined by the

20 observation of agency personnel, such errors are harmless in light of the ALJ's findings as to the

21 objective medical evidence and Plaintiff's activities.  *See Carmickle v. Comm'r of Soc. Sec.*

22 *Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).  Plaintiff has not shown harmful legal error in

23

the ALJ's assessment of Plaintiff's allegations, and the Court therefore affirms this portion of the ALJ's decision.

### C. The ALJ Did Not Harmfully Err in Assessing a Lay Witness Statement

Plaintiff's roommate, William Hunt, completed a third-party function report and wrote a narrative letter describing Plaintiff's symptoms and limitations. AR 256-63, 309-11. The ALJ found that Mr. Hunt's description of Plaintiff's limitations was similar to Plaintiff's own testimony, which the ALJ found to be inconsistent with the evidence of Plaintiff's normal mental status testing, social activities, and activities requiring concentration and focus. AR 24.

Because, as explained *supra*, the ALJ did not err in discounting Plaintiff's allegations as inconsistent with the objective evidence and inconsistent with Plaintiff's activities requiring concentration and focus, the ALJ did not err in discounting Mr. Hunt's similar statements on the same grounds. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 30th day of January, 2023.

S. KATE VAUGHAN
United States Magistrate Judge